PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CAMERON CLEVELAND, | ) | |
| | ) | CASE NO.  4:23CV0094 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CORE CIVIC, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Defendant. | ) | **AND ORDER** |

## I.  Background

*Pro se* Plaintiff Cameron Cleveland, a federal prisoner at MCFP Springfield, filed this

action against CoreCivic, fka Corrections Corporation of America.  The Complaint (ECF No. 1)

alleges that in November 2018, Plaintiff was housed in the Northeast Ohio Correctional Center

("NEOCC"), which is owned and operated by CoreCivic.  He claims the S.O.R.T. team used

excessive force on him and broke his arm, causing him to undergo surgery.  Plaintiff attaches a

response from the Regional Counsel of the Federal Bureau of Prisons ("BOP") dated November

29, 2022 (ECF No. 1-2) denying his claim under the Federal Tort Claims Act ("FTCA"), 28

U.S.C. § 2671, *et seq.* and 28 U.S.C. § 1346.  He claims he is asserting a claim under the Fourth

Amendment for use of excessive force.  Plaintiff seeks monetary damages.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364,

365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a

(4:23CV0094)

claim upon which relief may be granted or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  An action has no arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in th[e] complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*  In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.  Law and Analysis

To the extent Plaintiff is asserting a claim for use of excessive force, he cannot proceed. He indicates he is asserting this claim under 42 U.S.C. § 1983; however, that statute applies only to conduct by state or local officials.  At the time of the incident, Plaintiff was a federal pretrial

2

(4:23CV0094)

detainee being held at NEOCC pending his trial. *See United States v. Cleveland*, No. 5:17CR0289 (N.D. Ohio filed July 26, 2017). Plaintiff's claim cannot be asserted under § 1983.

*Bivens*[1] provides a limited cause of action against individual federal government officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001). *Bivens*'s purpose is to deter individual federal officers, not the agency, from committing constitutional violations. A *Bivens* action therefore cannot be brought against an entity such as a federal prison, the BOP or the United States Government. *Id.*

CoreCivic, which owns and operates NEOCC, is a private corporation. To avoid imposing asymmetrical liability costs on private prison facilities, the United States Supreme Court declined to expand *Bivens* to provide this cause of action against a private prison corporation. *Id.* at 70-74 (pointing out that when a prisoner in a BOP facility alleges a constitutional deprivation, his only remedy lies against the offending individual officer). Plaintiff therefore cannot bring *Bivens* claims against CoreCivic or NEOCC.

To the extent Plaintiff is seeking to bring his claim under the FTCA, he fails to state a claim upon which relief may be granted. The FTCA provides the exclusive cause of action for tort claims against the United States for actions committed by United States agency employees in the scope of their employment. CoreCivic is a private corporation. Its employees are not United

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

(4:23CV0094)

States government agents.  Plaintiff cannot maintain a cause of action against Core Civic under the FTCA.

### IV.  Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.


IT IS SO ORDERED.


___April 28, 2023___           ___/s/ Benita Y. Pearson_____
Date                           Benita Y. Pearson
                               United States District Judge

4